OPINION
{¶ 1} Defendant-appellant Larry Yarnell appeals the September 30, 2004 Judgment Entry of the Stark County Court of Common Pleas, which adjudicated him a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 1995, the Stark County Grand Jury indicted appellant on five counts of felonious sexual penetration, in violation of R.C. 2907.12, and six counts of gross sexual imposition, in violation of R.C. 2907.05.
 {¶ 3} Appellant appeared before the trial court on August 15, 1995, and withdrew his former plea of not guilty and entered a plea of guilty to the charges. The trial court sentenced appellant to an indeterminate term of incarceration of nine to twenty-five years on each count of felonious sexual penetration, and a determinate term of incarceration of 18 months on each count of gross sexual imposition. The trial court ordered the sentences be served concurrently.
 {¶ 4} Pursuant to R.C. 2950, the trial court scheduled an H.B. 180 hearing to determine appellant's classification as a sexual offender. Prior to the hearing on September 7, 2004, appellant filed motions to dismiss based upon ex post facto and retroactivity grounds, and double jeopardy grounds; and a motion to declare H.B. 180 unconstitutionally vague, all of which the trial court overruled. The trial court conducted the classification hearing on September 27, 2004. Appellant stipulated to being classified a sexual predator. Via Judgment Entry filed September 30, 2004, the trial court adjudicated appellant a sexual predator.
 {¶ 5} It is from the September 30, 2004 Judgment Entry appellant prosecutes his appeal, assigning the following as error:
 {¶ 6} "I. The trial court erred in overruling appellant's motion to dismiss the H.B. 180 proceedings against him in (sic) ex post facto grounds.
 {¶ 7} "II. The trial court erred in overruling appellant's motion to dismiss the H.B. 180 proceedings against him on retroactive application grounds.
 {¶ 8} "III. The trial court erred in overruling appellant's motion to dismiss the H.B. 180 proceedings against him on double jeopardy grounds.
 {¶ 9} "IV. The trial court erred in overruling appellant's motion to dismiss because H.B. 180 is unconstitutionally vague."
 I, II {¶ 10} In his first assignment of error, appellant maintains the trial court erred in overruling his motion to dismiss the proceedings against him on the basis of ex post facto. In his second assignment of error, appellant asserts the trial court erred in failing to find the proceedings against him were retroactive.
 {¶ 11} We overrule appellant's first and second assignments of error on the authority of State v. Cook (1998), 83 Ohio St.3d 404, cert.denied (1999), 525 U.S. 1182.
 III, IV {¶ 12} In his third assignment of error, appellant submits the trial court erred in failing to dismiss the sexual predator proceedings on double jeopardy grounds. In his fourth assignment of error, appellant maintains the trial court erred in denying his motion to dismiss because the sexual predator statute is unconstitutionally vague. We overrule appellant's third and fourth assignments of error on the authority ofState v. Williams (2000), 88 Ohio St.3d 513, 533.
 {¶ 13} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J., Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.